John J. Fox, Respondent, *v.* Frederick H. Cox, Appellant, and Harriet Reilly, Respondent, Impleaded with Others.

**Real property — vendor and purchaser — specific performance — contract for purchase of land by two joint vendees will not be enforced where one of such vendees refused to take title unless deed be made to him alone.**

Where a contract for the purchase of land is entered into by two persons as vendees and joint purchasers, and a conveyance is refused on the law day by the vendee who alone seeks performance, unless it is made to him to the exclusion of the other vendee, the rights of both vendees are forfeited by reason of their failure to fulfill the terms of the contract and the court will not decree specific performance.

*Fox* v. *Cox,* 136 App. Div. 924, affirmed.

(Argued December 16, 1910; decided March 14, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 31, 1910, affirming a judgment of the Queens County Court entered upon a decision of said court on trial at Special Term in an action for partition.

The facts, so far as material, are stated in the opinion.

*Frederick H. Cox* and *A. Delos Kneeland* for appellant. There was an attempted rescission of the contract effected in and by the County Court; but said court lacked jurisdiction to effect such rescission. (*Frees* v. *Ford,* 6 N. Y. 176; *Gilbert* v. *York,* 111 N. Y. 544; *Wilkins* v. *Williams,* 15 Civ. Pro. Rep. 168; *Thomas* v. *Harmon,* 122 N. Y. 84; *Crippen* v. *Baumes,* 15 Hun, 136; *Avery* v. *Willis,* 24 Hun, 550.) Any court having jurisdiction to decree specific performance herein should have decreed it to Cox upon the undisputed facts, most of which were shown by plaintiff's own witnesses. (*Murry* v. *H., etc., Assn.,* 91 App. Div. 397; *Bennet* v. *Bennet,* 10 App. Div. 553; *Tompkins* v. *Hyatt,* 28 N. Y.

347; *Leaird* v. *Smith*, 44 N. Y. 618; *Myers* v. *De Mier*, 52 N. Y. 647; *Newton* v. *Swazey*, 8 N. H. 9; *Travers* v. *Crane*, 15 Cal. 12; *Williams* v. *Haddock*, 145 N. Y. 144; *Hubbell* v. *Von Schoening*, 49 N. Y. 326; *Haffey* v. *Lynch*, 143 N. Y. 241.)

*Stephen H. Voris* for plaintiff, respondent. Defendant broke the contract. (*Steinhardt* v. *Baker*, 163 N. Y. 410; *Emrich* v. *White*, 102 N. Y. 657; *Carman* v. *Pultz*, 21 N. Y. 547; *Havens* v. *Patterson*, 43 N. Y. 218; *People ex rel. Eagle* v. *Keyser*, 28 N. Y. 226; *Spier* v. *Robertson*, 9 How. Pr. 325; *Brewster* v. *Wooster*, 30 N. Y. S. R. 251.) There was no valid agreement made April 23, 1906, to convey to Cox alone. (*Booker* v. *Heffner*, 95 App. Div. 84; *Bierman* v. *Simon*, 110 N. Y. Supp. 267; *Fanger* v. *Caspary*, 87 App. Div. 417; *Classon* v. *Thompson P. P. Co.*, 112 App. Div. 273; *Kromer* v. *Heim*, 75 N. Y. 574; *Ryan* v. *Ward*, 48 N. Y. 204.)

*P. Frank Ryan* for defendant, respondent. Specific performance should not have been decreed. (*Lese* v. *Lemprecht*, 196 N. Y. 32; *Day* v. *Hunt*, 112 N. Y. 191; *S. R. Paper Co.* v. *S. C. Lumber Co.*, 186 N. Y. 90; *Myers* v. *De Mier*, 52 N. Y. 647; *Emrich* v. *White*, 102 N. Y. 657.)

WILLARD BARTLETT, J. This action was brought in the County Court of Queens county for the partition of two parcels of real estate formerly belonging to John Fox, who died intestate on May 20, 1906. The plaintiff is one of his grandchildren, being the child of a deceased son. He made the appellant Frederick H. Cox and one John B. Lawrence defendants in this partition suit because, as is alleged in the complaint, they made some claim in relation to the second parcel sought to be partitioned under a certain contract executed by John Fox as to the merits of which the plaintiff had no knowledge or information sufficient to form a belief.

The defendant Frederick H. Cox interposed an answer in

which he alleged that on February 21, 1906, he and John B.
Lawrence entered into a written agreement with John Fox
(since deceased), the owner of said parcel No. 2, whereby it
was agreed that said owner should sell and convey the same
to Lawrence or his assigns, for the benefit of Lawrence and
the defendant Frederick H. Cox, in consideration of $100 paid
then, $350 to be paid on March 5, 1906, and $4,050 to be paid
on or before April 23, 1906 ; that the defendant Frederick H.
Cox paid the whole of said required sums of $100 and $350 ;
that said written agreement was modified by a further agree-
ment made by said landowner on March 6, 1906, so as to allow
a purchase-money mortgage of $2,500 for three years; that
on April 23, 1906, the defendant Frederick H. Cox duly ten-
dered to said landowner $1,550, together with a bond and
mortgage executed by him, and then requested said owner to
strike out the name of John B. Lawrence from the deed, so
as to leave the defendant Frederick H. Cox the sole grantee,
and offered to furnish a sufficient guaranty to save the said
owner harmless for so doing, and that the said owner never-
theless refused to convey the said real estate to the defendant
Frederick H. Cox.  Wherefore said defendant prayed judg-
ment (1) that Lawrence had forfeited all his rights in the
written agreements aforesaid, and (2) that the other parties to
this action be decreed specifically to convey said parcel No. 2
to the defendant Frederick H. Cox upon payment of $1,550
and the execution and delivery to them of a purchase-money
bond and mortgage for the balance of the purchase price.

Upon the issue thus presented the county judge of Queens
county made the following finding of fact :

" VI. That defendant Frederick H. Cox heretofore had
paid the sum of $450 on account of contract for the pur-
chase of parcel No. 2 above described, which contract was
made between said John Fox, deceased, as party of the first
part, and said Frederick H. Cox, and John B. Lawrence,
one of the defendants herein, as parties of the second part.
That on the 23rd of April, 1906, at the time and place set
for closing of said contract, said Lawrence failed to appear,

but said defendant Frederick H. Cox duly tendered to said John Fox the sum of $1,550, together with a bond and mortgage executed by said defendant Frederick H. Cox, and said Cox requested the said owner to strike out the name of John B. Lawrence from the deed, which said owner then had, and which deed was executed in conformity with the terms of said contract, and which deed was tendered by said owner to the defendant Cox. That said Cox refused to accept said deed as tendered, and said John Fox refused to convey said premises in any other manner than to said defendant Cox and said defendant Lawrence jointly, they appearing to be joint purchasers by the contract as then in force."

Pursuant to this finding of fact, the fourth conclusion of law declared that the defendants Cox and Lawrence had forfeited all interest or claim in and to parcel No. 2, but that the sum of $450 should be paid to said Cox out of the proceeds of the sale of those premises; and the judgment directed the referee to make such payment. To this extent the judgment is favorable to the appellant; but he is not satisfied with this relief, and insists that he was entitled to a decree of specific performance in his favor, compelling the heirs of John Fox to execute and deliver to him a conveyance of parcel No. 2.

I am of opinion that the appellant's position in this respect is untenable. He argues that the County Court had no jurisdiction to rescind the contract for the purchase of that parcel by Lawrence and himself; but the court has not attempted to decree any rescission. It has simply adjudged that the rights of Lawrence and the appellant under the contract were forfeited by their failure to fulfill its terms on their part on the law day. The fact of their failure is conclusively established, so far as this court is concerned, by the finding of the County Court to that effect, sustained by the unanimous affirmance of the Appellate Division. Thus we have an adjudication with which we have no power to interfere that negatives the claim of the appellant to a specific performance.

On the day when the title was to have been passed there

was some conversation between the appellant and counsel representing Mr. John Fox, the owner of the property, in which the latter manifested a willingness to eliminate Lawrence from the contract, with his consent, and convey parcel No. 2 to the appellant alone. Because of the statements made in this interview and because Lawrence on the trial of the present action stated that he was willing to surrender to Mr. Cox any interest he might have in the premises, the appellant insists " that any court having jurisdiction to decree specific performance should have decreed it to Cox upon the undisputed facts." The oral statements of Mr. Fox's counsel, however, did not constitute a contract and were never embodied in a written agreement signed and delivered, so as to bind Mr. Fox and his successors in interest. There was only one contract and that was the contract between John Fox on the one part and John B. Lawrence and Frederick H. Cox on the other, which the latter parties failed and refused to carry out on the law day, April 23, 1906, and this neglect and refusal disposed of any claim which the appellant had by way of lien upon the property affected by this partition suit and would have warranted the County Court in refusing him any relief whatever in the present action. The fact, however, that he had personally advanced the whole of the earnest money ($450) appears to have induced the court, in the exercise of leniency rather than logic, to give him a lien for that amount on parcel No. 2, and, if this was an error, it is an error in his favor, and one of which the other parties cannot be heard to complain since they have not appealed.

The several rulings which are the subject of criticism in the brief for the appellant all relate directly or indirectly to the questions which have already been considered. The whole controversy resolves itself down to the question whether the contract between John Fox, vendor, and John B. Lawrence and Frederick H. Cox, vendees, for the sale and purchase of parcel No. 2 has given Frederick H. Cox a lien upon the premises which must be recognized and may be enforced in this action for partition. The answer is that

13

the vendees failed and refused to fulfill the contract on the law day and, hence, that no lien arose or exists in their favor. This answer disposes of the appeal.

The judgment of the County Court of Queens county should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment affirmed.